UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S., <br><br> Plaintiff, <br><br> v. <br><br> KENT SCHOOL DISTRICT et al., <br><br> Defendants. | CASE NO. 2:24-cv-01060-LK <br><br> ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff J.S.'s Motion for Leave to Proceed Under Pseudonyms and for Protective Order, Dkt. No. 8,[1] and his "Motion for Mailing," Dkt. No. 10. J.S. seeks to proceed under his initials "because he was a minor during the allegations" detailed in his complaint. *Id.* at 1. J.S. also seeks a protective order that limits the disclosure of his address and other personally identifiable information by Defendants. *Id.* at 1, 6. For the following reasons, the Court provisionally grants his motion for leave to proceed under pseudonyms, denies his motion for a protective order, and denies his "Motion for Mailing."

---

[1] The Court directed the Clerk to seal the motion because J.S. inadvertently revealed his name in the motion. *Id.* at 6.

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER - 1

## I. BACKGROUND

J.S. is an 18-year old adult who was enrolled as a student in Kent School District "on and off" between 2013 and 2018. *Id.* at 1–2. In July 2024, J.S. filed a complaint against Defendants Kent School District, Kent School District Superintendent Isreal Villa, and Covington Elementary School Principal Ryan Pries, asserting violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Violence Against Women Act ("VAWA"), as well as numerous other claims, including assault, false imprisonment, misprision of a felony, conspiracy, and child abuse. Dkt. No. 6 at 2, 4, 7, 10–13.

As relevant to this motion, J.S. represents that, as a child, he witnessed his parent being subjected to "domestic violence and sexual assault," and he "was subjected to being beaten by tennis rackets and left and forced outside while his parent was trafficked and abused." Dkt. No. 8 at 2. He also represents that Kent School District was aware of this abuse and "revealed his whereabouts" to the perpetrator of this abuse. *Id.* at 2–3; *see also* Dkt. No. 6 at 11, 13. Additionally, J.S. avers that he "experienced severe human trafficking and abuse by a perpetrator that resides in the King County/Everett Area that has not been charged for his crime" and was otherwise abused by Pries and other faculty members employed by the Kent School District. Dkt. No. 8 at 3; *see also* Dkt. No. 6 at 8, 10–13.

On July 30, 2024, J.S. filed the instant motion, requesting "leave to proceed under pseudonym to protect his identity from public disclosure and for a protective order limiting disclosure of [his] address" to Kent School District's counsel, as well as "a court order stipulat[ing] that [Kent School District's counsel] will not be able to disclose any address information . . . to anyone," including Defendants. Dkt. No. 8 at 3; *see also id.* at 5 (stating that he "do[es] not seek to withhold [his] identity from Defendants or the [C]ourt, but only to proceed pseudonymously to prevent disclosure of [his] address to Defendants"). He avers that disclosure of his identity and/or

whereabouts could ultimately "could endanger [J.S.] and cause retaliation and violence" if this information were obtained by the alleged perpetrators of his and his parent's prior abuse. *Id.* at 3.

## II.   DISCUSSION

**A.     Motion to Proceed Under Pseudonyms**

1.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 10 requires that every complaint include the name of all parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents" (internal quotation marks and citations omitted)). And Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up).

Courts generally allow a party to proceed anonymously in three circumstances: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up).

2. <u>Anonymity is Necessary to Preserve J.S.'s Privacy for the Time Being Because the Alleged Abuse Occurred When J.S. Was a Minor</u>

J.S. first seeks to proceed under a pseudonym pursuant to Federal Rule of Civil Procedure 5.2(a), which provides that court filings containing "the name of an individual known to be a minor" may include only "the minor's initials." Although the claims in J.S.'s complaint arose when he was a minor, he has since attained the age of majority, and therefore the protections of Rule 5.2(a) no longer apply. *See, e.g.*, *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017).

J.S.'s motion is primarily premised on the contention that identification would create a risk of retaliatory physical or mental harm. *See* Dkt. No. 8 at 1–6; *Adv. Textile Corp.*, 214 F.3d at 1068. Although his motion fails to establish such risk, *see Adv. Textile Corp.*, 214 F.3d at 1068, the Court nevertheless finds that anonymity may be necessary to preserve J.S.'s privacy due to the potentially sensitive and highly personal nature of this matter.

Courts in the Ninth Circuit have generally held that plaintiffs may proceed under pseudonyms "when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred." *N.S. by & through Marble v. Rockett*, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017); *see also Cara v. Salley*, No. 2:23-cv-00803-LK, 2023 WL 7301238, at *1 (W.D. Wash. Nov. 6, 2023) (collecting cases). Although J.S. alleges that he is a victim of human trafficking, Dkt. No. 8 at 2–3, he does not suggest, in either his complaint or the instant motion, that his alleged abuse was sexual in nature. *See generally* Dkt. Nos. 6, 8.[2] His allegations are therefore less sensitive than those in other cases where courts have found that pseudonyms were warranted to protect plaintiffs' privacy. *See, e.g.*,

---

[2] In a "Statement of Claim" attached to his complaint, J.S. alleges that Kent School District employees released "whereabout information" to an individual he characterizes as a "sexual assault abuser." Dkt. No. 6 at 13. He does not, however, allege that he experienced any sexual assault himself.

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER - 4

*Cara*, 2023 WL 7301238, at *2 (plaintiffs were subjects of child pornography as minors); *Doe One v. CVS Pharmacy, Inc.*, No. C18-1031-EMC, 2022 WL 3139516, at *1 n.1 (N.D. Cal. Aug. 5, 2022) (HIV-positive plaintiffs); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, at *10 (N.D. Cal. July 30, 2020) (plaintiff is a survivor of sex trafficking); *J.J. v. Olympia Sch. Dist.*, No. C16-5060-BHS, 2016 WL 3597784, at *1–2 (W.D. Wash. July 5, 2016) (plaintiff was a victim of "sexualized hazing" as minor); *N.S.*, 2017 WL 1365223, at *2 (plaintiff was victim of sexual assault as a minor).

However, the Court must liberally construe J.S.'s pleading, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), and must also evaluate the prejudice to Defendants "at each stage of the proceedings," *Adv. Textile Corp.*, 214 F.3d at 1068. Given that Defendants have not yet appeared in this case, and construing the complaint liberally, the Court errs on the side of caution and concludes that the alleged abuse is sufficiently sensitive to warrant proceeding under a pseudonym—at least at this stage of the case.[3] Defendants, however, are permitted to move for reconsideration of this Order within 30 days of appearing in this action. *See, e.g.*, *Cara*, 2023 WL 7301238, at *2; *Doe #5 v. Cal.*, No. 1:23-CV-01226-JLT-SAB, 2023 WL 5806772, at *2 (E.D. Cal. Sept. 7, 2023); *Roe v. Rodriguez*, No. 1:22-cv-01574-SAB, 2022 WL 17722925, at *2 (E.D. Cal. Dec. 15, 2022).

**B.    Motion for a Protective Order**

J.S. also seeks a protective order under Federal Rule of Civil Procedure 26(c) that prevents Defendants from disclosing his and his allegedly abused parent's "[a]ddress or personal identifiable information," as well as an "order sealing hea[l]th records and student records going

---

[3] J.S. should be aware, however, that he will have to disclose his identity to Defendants and Defendants' counsel. J.S. appears to have no issue with this. *See* Dkt. No. 8 at 3 ("Plaintiff ha[s] no objections to providing [his] legal names to counsel for Defendants and the Court."), 5 ("Plaintiff does not seek to withhold [his] identity from Defendants or the [C]ourt[.]").

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER - 5

forward that will be submitted as evidence." Dkt. No. 8 at 6. Rule 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" A party may also "seek a protective order when information sought is not relevant to the subject matter involved in the pending action." *Rice v. State Farm Mut. Auto. Ins. Co.*, C05-5595-RJB, 2006 WL 8455998, at *2 (W.D. Wash. Mar. 22, 2006) (citing *Home Savings Bank F.S.B. v. Gillam*, 952 F.2d 1152 (9th Cir. 1991)).

Defendants have not yet been served with summons and the complaint, and this case has not reached the discovery phase. Furthermore, J.S. has provided no authority for the Court to conceal his address from Defendants, especially considering that J.S. voluntarily sued them and Defendants cannot serve their answers and other filings on J.S. without his address.[4] The Court accordingly denies J.S.'s request for a protective order.[5]

To the extent J.S. intends to file documents under seal, he must follow the procedures set forth in Local Civil Rule 5(g).

**C.    Obligations of Pro Se Litigants**

As a final matter, the Court reminds J.S. of his obligations proceeding pro se. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge*, 832 F.2d at 1137 (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

---

[4] The Court notes that J.S.'s assumption that all Defendants will be represented by counsel for the Kent School District is not necessarily correct. The individual Defendants may represent themselves or may proceed with their own attorneys.

[5] J.S. appears to contend that his personal information is protected under Section 12291(b)(2) of VAWA and Section 40.24.010 of the Revised Code of Washington. Dkt. No. 8 at 1, 6. Neither of these cited provisions, however, is relevant to the motion at issue. Section 12291(b)(2) provides that "grantees and subgrantees" of funds made under VAWA "shall protect the confidentiality and privacy of persons receiving services." It is not clear how that provision applies here, as J.S. does not contend that he is a "person receiving services" or that any of the Defendants is a VAWA grantee or subgrantee. Section 40.24.010 of the Revised Code of Washington provides that the purpose and intent of Chapter 40.24 of the Revised Code of Washington is to, among other things, enable *state* and *local* agencies to respond to requests for public records without disclosing the location of a victim of domestic violence, sexual assault, trafficking, or stalking[.]" (emphasis added). That provision has no discernable bearing on this case.

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER - 6

1  (per curiam)). Pro se pleadings are thus held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Federal courts, however, are not advocates for pro se litigants. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *accord Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019). And pro se plaintiffs do not have greater rights than plaintiffs represented by counsel. *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986). This means that they "are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022); *see, e.g.*, *Chen v. King Cnty. Sheriff's Off.*, No. 2:21-cv-01492-LK, 2022 WL 17960617, at *12 (W.D. Wash. Dec. 27, 2022) (pro se litigants are expected to abide by the Local Civil Rules); *Howell v. Holland Am. Line USA Inc.*, No. C13-0730-JLR, 2014 WL 5325225, at *7 (W.D. Wash. Oct. 17, 2014) (pro se litigants must comply with the Federal Rules of Civil Procedure). Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court. https://www.wawd.uscourts.gov/representing-yourself-pro-se. Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

### III. CONCLUSION

For the foregoing reasons, the Court provisionally GRANTS J.S.'s motion for leave to proceed under pseudonyms and DENIES his motion for a protective order. Dkt. No. 8. J.S.'s motion for leave to proceed under pseudonyms may remain under seal; provided, however, that J.S. must provide the motion to Defendants in the event they appear in this case.

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND DENYING MOTION FOR PROTECTIVE ORDER - 7

The Court DENIES J.S.'s Motion for Mailing, Dkt. No. 10, as moot; in that motion, he requests that the Court "be aware that it take[s] 5 to 7 bu[si]ness [days] to receive mail," *id.* at 1. The Court is already aware that J.S. is not registered for electronic filing and must receive orders and filings through the mail.

Dated this 27th day of August, 2024.

*Lauren King*
Lauren King
United States District Judge