1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| J.S., | CASE NO. 2:24-cv-01060-LK |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| KENT SCHOOL DISTRICT et al., | |
| Defendants. | |

16    This matter comes before the Court sua sponte. On July 30, 2024, United States Magistrate

17  Judge Michelle L. Peterson granted pro se Plaintiff J.S.'s application to proceed *in forma pauperis*

18  ("IFP") and his complaint was posted on the docket. Dkt. Nos. 5–6. Summons have not yet been

19  issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to

20  issue summons and, for the reasons set forth below, dismisses J.S.'s complaint pursuant to 28

21  U.S.C. § 1915(e)(2)(B). The Court also denies as moot J.S.'s motion for service by the U.S.

22  marshal. Dkt. No. 9.

23

24

ORDER DISMISSING COMPLAINT - 1

## I.    BACKGROUND

J.S. was enrolled as a student in Kent School District between 2013 and 2019. Dkt. No. 6 at 12.[1] In July 2024, J.S. filed a complaint against Defendants Kent School District, Kent School District Superintendent Isreal Villa in his official capacity, and Covington Elementary School Principal Ryan Pries in his individual capacity. *Id.* at 2. In his complaint, he appears to assert violations of 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), the Violence Against Women Act ("VAWA"), and 18 U.S.C. § 4 (misprision of felony),[2] as well as several state law claims, including assault, false imprisonment, conspiracy, outrage, and child abuse. *Id.* at 2, 4, 7, 10–13. It is not entirely clear to the Court which claim is addressed to which defendant.

On July 30, 2024, J.S. filed three motions: a motion for leave to proceed with pseudonyms and for a protective order, a motion for service of summons by the U.S. marshal, and a motion for mailing. Dkt. Nos. 8–10. The Court granted his motion for leave to proceed with pseudonyms on August 27, 2024, but denied his motion for a protective order and motion for mailing. Dkt. No. 11 at 7–8. J.S.'s motion for service of summons by the U.S. marshal remains pending before the Court.

## II.    DISCUSSION

### A.    Legal Standard

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or

---

[1] J.S. is currently an adult and is alleging claims that arose from actions he alleged experienced as a child. *See* Dkt. No. 8 at 1.

[2] J.S. refers to 18 U.S.C. § 34, which concerns the death penalty and life imprisonment; however, it is clear that J.S. meant to refer to 18 U.S.C. § 4, which concerns misprision of felony. Dkt. No. 6 at 10 ("Misprision of a Felony 18 US Code 34").

1  seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

2  § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim

3  under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure

4  12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule

5  12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient

6  facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622

7  F.3d 1035, 1041 (9th Cir. 2010).

8      Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles

9  Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain

10  statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

11  showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ.

12  P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See

13  Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000)

14  (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic

15  pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court

16  has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of

17  the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673

18  F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual

19  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

20  accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

21  U.S. 544, 555 (2007)).

22      In this case, J.S.'s complaint fails to state a claim upon which relief can be granted, even

23  when liberally construed.

24

**B.      J.S. Has Failed to Set Forth a Claim for Relief**

As a threshold matter, J.S. has failed to set forth any claim for relief. Under Federal Rule of Civil Procedure 8(a)(3), "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought[.]" J.S.'s complaint does not request any relief at all. *See generally* Dkt. No. 6.[3] Nor are his claims by themselves sufficient to provide an indication of the requested relief. J.S. attempts to raise claims under multiple federal and state statutes, and some, like Title II of the ADA, provide for both compensatory damages and injunctive relief. *See* 42 U.S.C. § 12133. Omission of this critical requirement alone warrants dismissal.

**C.      J.S. Has Failed to State a Basis for Subject Matter Jurisdiction**

Even if J.S. had set forth a claim for relief, his complaint fails to establish a basis for this Court's jurisdiction.

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed.

---

[3] J.S. may have made this error because he combined pages from two different forms provided for pro se civil litigants by this District: the form for a Complaint for a Civil Case, which is available at https://www.wawd.uscourts.gov/sites/wawd/files/ProSe1Complaint-CivilCase.pdf; and the form for a Complaint for a Violation of Civil Rights, https://www.wawd.uscourts.gov/sites/wawd/files/CivilRights1983NonPrisoner.pdf. *See* Dkt. No. 6 at 1, 4–5, 9 (using civil complaint form); *id.* at 2–3, 6–8 (using civil rights complaint form). Both forms include a page prompting the plaintiff to include a request for relief; however, J.S. did not include either page in his complaint. *See* Complaint for a Civil Case at 5 ("State briefly and precisely what damages or other relief the plaintiff asks the court to order."); Complaint for a Violation of Civil Rights at 7 ("State briefly what you want the court do for you.").

R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Here, J.S asserts federal question jurisdiction, Dkt. No. 6 at 4, but he fails to state any federal claim, as discussed below. It is also not apparent from his complaint that the Court has diversity jurisdiction over this case, as also explained below.

1. <u>VAWA and 18 U.S.C. § 4 Claims</u>

The Court first considers J.S.'s claims that Defendants violated VAWA and 18 U.S.C. § 4. He has no right of action under either statute. In *United States v. Morrison*, the Supreme Court invalidated as unconstitutional VAWA's private right of action for victims of gender-motivated violence. 529 U.S. 598, 627 (2000). And J.S. lacks standing to bring civil claims based on criminal statutes, so he cannot pursue any claim based on statutes from title 18 of the United States Code. *Linda R.S. v. Linda D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability). Because J.S. cannot state a claim under either statute, these claims are dismissed with prejudice.

2. <u>ADA Claim</u>

The Court next considers J.S.'s ADA claim. J.S. alleges that he was "was denied access to services such as IEP and Special Education Assessment's [sic] and Procedure's [sic] and Mental Health Services and assessment's [sic] and Counseling while attending Kent School District[.]"

Dkt. No. 6 at 11; *see also id.* at 8, 12. He also appears to allege that he was "denied bathroom" access at multiple points as a Kent School District student. *Id.* at 8.

To the extent J.S. intends to state a claim for the denial of a free and appropriate public education under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, such a claim ordinarily requires the plaintiff to exhaust the administrative process before filing a lawsuit. *Martinez v. Newsom*, 46 F.4th 965, 973 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 1782 (2023); *see* 20 U.S.C. § 1415(i)(2)(A), (*l*); *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 157–59 (2017). It appears that J.S. has not done so; he makes reference to a proceeding before the Office of Administrative Hearings (Special Education) in his complaint, but states that he "Dismissed the case on July 15th But allso in writing the issue are in the wrong court." Dkt. No. 6 at 6. He adds that "OAH has no jurisdiction in Disability ADA & these issues[.]" *Id.*

To the extent J.S. is seeking relief in the form of compensatory damages under Title II of the ADA stemming from the Kent School District's alleged past shortcomings in providing a free and appropriate public education to him, he is not required to exhaust administrative procedures. *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147–51 (2023). But to state a claim under Title II of the ADA, he must show that (1) he is a qualified individual with a disability; (2) he was denied a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016). A plaintiff may satisfy the first element by showing that he has "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). A plaintiff may satisfy the second element by showing that the federally funded program denied him services that he needed "to enjoy meaningful access to the benefits of a public education and that

were available as reasonable accommodations" or otherwise "denied h[im] meaningful access to public education through another means[.]" *A.G.*, 815 F.3d at 1204. In addition, to prevail on a claim for damages under Title II of the ADA, a plaintiff must prove intentional discrimination. *Id.* That standard may be met by showing deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* (quoting *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001)).

J.S. does not satisfy any of these elements. *See generally* Dkt. No. 6. Instead, he asserts in conclusory fashion that Kent School District violated the ADA by "den[ying] access to services such as IEP and Special Education Assessment's [sic] and Procedure's [sic] and Mental Health Services and assessment's [sic] and Counseling." *See id.* at 6, 8, 11–12. This assertion does not establish that he is a qualified individual with a disability; that the services he was allegedly denied were reasonable accommodations that he needed in order to enjoy meaningful access to the benefits of public services; or that Kent School District receives federal financial assistance. J.S. therefore does not state a claim under the ADA. *Twombly*, 550 U.S. at 556 n.3 ("Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." (internal citations and quotations omitted)).

3.  Section 1983 Claim

The Court last considers J.S.'s claim that Defendants violated 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Assuming without deciding that Defendants were acting under color of state law, J.S. has failed to allege in his complaint that he was deprived of a right, privilege, or immunity secured by

the Constitution or laws of the United States. J.S.'s complaint alleges no constitutional violations, and only alleges three federal statutory violations as bases for his Section 1983 claim: the ADA, VAWA's confidentiality provision (34 U.S.C. § 12291(b)(2)), and 18 U.S.C. § 4. Dkt. No. 6 at 7.[4] However, he has not stated any viable basis for a Section 1983 claim.

Again, criminal statutes provide no basis for civil liability, so J.S. may not pursue any claim under Title 18 of the United States Code through Section 1983. And even assuming he could pursue some species of VAWA claim under Section 1983, he has not indicated what that claim is. J.S. appears to contend that his personal information is protected under Section 12291(b)(2) of VAWA, but as the Court stated in its prior order, it is not clear how that provision applies here, as J.S. does not contend that he is a "person receiving services" or that any of the Defendants is a VAWA grantee or subgrantee. Dkt. No. 11 at 6 n.5. Finally, rights under Title II of the ADA, which contains its own remedial scheme, may not be used as a basis for a Section 1983 claim. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

J.S.'s complaint therefore fails to state a Section 1983 claim. And because he has failed to "properly invoke[] § 1331 jurisdiction" by pleading "a colorable claim 'arising under' the Constitution or laws of the United States," the Court does not have federal question jurisdiction over this case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Absent federal question jurisdiction, the only other potential basis for subject matter jurisdiction is diversity jurisdiction. But J.S. has not established that such jurisdiction exists: even assuming without deciding that the parties are diverse (J.S. has not provided specific citizenship information for the parties), J.S. has

---

[4] J.S. cites to a number of state laws as bases for his Section 1983 claim. However, although "a violation of state law causing the deprivation of a federally protected right may form the basis of a § 1983 action," *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 933 (9th Cir. 2017), J.S. has not explained how any of the laws he cites do so here.

not included any prayer for relief or other information indicating that the amount in controversy would exceed $75,000.

### III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES J.S.'s complaint. Dkt. No. 6. His claims under VAWA and 18 U.S.C. § 4 are dismissed with prejudice and without leave to amend because amendment would be futile. All other claims are dismissed without prejudice and with leave to amend. The Court DENIES AS MOOT J.S.'s motion for service. Dkt. No. 9.

Should J.S. choose to amend his complaint, he must file it with the Court by October 5, 2024. His amended complaint must provide a short and plain statement of the factual basis of each of his claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that J.S. believes support each claim, as well as the specific relief requested.[5]

If J.S. does not file a proper amended complaint by October 5, 2024, the Court will close this case.

Dated this 5th day of September, 2024.

*Lauren King*
_____
Lauren King
United States District Judge

---

[5] The Court reminds J.S. that materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Again, despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.