UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S., <br><br> Plaintiff, <br><br> v. <br><br> KENT SCHOOL DISTRICT et al., <br><br> Defendants. | CASE NO. 2:24-cv-01060-LK <br><br> ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on Plaintiff J.S.'s Motion to Quash. Dkt. No. 15. J.S. appears to be seeking to quash subpoenas that have been sent to third parties Synergy Edu, Skyward, and Health Point—none of whom are named defendants in this matter—"until a decision has been made on [a]cceptance of" his amended complaint. *Id.* at 2; *see also* Dkt. No. 13 (amended complaint).

The Court denies this motion. J.S. did not attach the purported subpoenas to his motion, so the Court does not know what subpoenas J.S. is seeking to quash. In any event, J.S. does not need a court order to "quash" any subpoenas that he himself sent to third parties. If he already sent them out, he can simply notify the third parties that he is withdrawing the subpoenas. *See, e.g.*, *Rockhill*

ORDER DENYING MOTION TO QUASH - 1

1  *v. Juede*, No. CV11-1308-BJR, 2012 WL 13020020, at *3 (W.D. Wash. Oct. 25, 2012) (noting
2  that a court cannot enforce a subpoena that has been withdrawn).

3  The Court notes, however, that any subpoenas served to third parties thus far are premature.
4  A party is generally not permitted to "seek discovery from *any* source before the parties have
5  conferred as required by [Federal Rule of Civil Procedure] 26(f)[.]" Fed. R. Civ. P. 26(d)(1)
6  (emphasis added). Defendants have not yet appeared in this action, and consequently the parties
7  have not yet conferred as required by Rule 26. Therefore, J.S. "may not seek discovery *from any*
8  *source*" at this time, including through third-party subpoenas. Fed. R. Civ. P. 26(d) (emphasis
9  added); *see also Michelle v. Arctic Zero, Inc.*, No. 12-cv-2063 GPC (NLS), 2013 WL 3807888, at
10 *3 (S.D. Cal. July 18, 2013) ("While Federal Rule of Civil Procedure 45 does not specify when a
11 subpoena may be issued, because a subpoena is considered a discovery device, it is subject to the
12 provisions of Rule 26(d)."); *Villegas v. United States*, No. CV-12-0001-EFS, 2012 WL 1801735,
13 at *8 (E.D. Wash. May 16, 2012) ("Rule 26(d) clearly prohibits 'discovery from any source' before
14 the parties have conferred, which by its plain language includes subpoenas duces tecum served on
15 non-parties.").

16 The Court also independently notes that Defendants do not appear to have been properly
17 served pursuant to Federal Rule of Civil Procedure 4. *See* Dkt. No. 16 at 2; Fed. R. Civ. P. 4(e).
18 Service by mail alone is not permitted under either the Federal Rules of Civil Procedure, *see* Fed.
19 R. Civ. P. 4(e)(2), or Washington law when personal service is possible, *Williams v. Recovery*
20 *Innovations Inc.*, No. 3:24-cv-05496-DGE, 2024 WL 4519959, at *2 (W.D. Wash. Oct. 17, 2024)
21 (citing *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005)). The Court again
22 reminds J.S. that materials to assist pro se litigants are available on the United States District Court
23 for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit
24 in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se).

ORDER DENYING MOTION TO QUASH - 2

For the foregoing reasons, the Court DENIES J.S.'s motion to quash. Dkt. No. 15. As the Court previously reminded J.S., despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and this District's Local Rules. Dkt. No. 12 at 9; *see also Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants must adhere to the same procedural requirements as other litigants).

Dated this 24th day of October, 2024.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING MOTION TO QUASH - 3