UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S., <br><br> Plaintiff, <br><br> v. <br><br> KENT SCHOOL DISTRICT et al., <br><br> Defendants. | CASE NO. 2:24-cv-01060-LK <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Plaintiff J.S. initiated this case in July 2024 and filed an amended complaint in September 2024. Dkt. No. 1, 13. However, he has failed to serve the Defendants within the time prescribed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m).

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be

ORDER TO SHOW CAUSE - 1

1  satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is
2  filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action
3  without prejudice against that defendant or order that service be made within a specified time."
4  Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good
5  cause and, absent such a showing, retains broad discretion to dismiss the action or extend the
6  period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473
7  F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend
8  time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188,
9  1198 (9th Cir. 2009).

10      In this case, J.S. has not properly served Defendants within 90 days of filing his amended
11  complaint. He filed a document titled "Proof of Service," Dkt. No. 16, but that filing does not
12  demonstrate service. Rather, it only shows that a copy of the amended complaint was mailed
13  through the United States Postal Service. *Id.* at 4. As the Court previously noted, Dkt. No. 18 at 2,
14  service by mail alone is not permitted under either the Federal Rules of Civil Procedure, *see* Fed.
15  R. Civ. P. 4(e)(2), or Washington law when personal service is possible, *Williams v. Recovery*
16  *Innovations Inc.*, No. 3:24-cv-05496-DGE, 2024 WL 4519959, at *2 (W.D. Wash. Oct. 17, 2024)
17  (citing *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005)). J.S.'s purported
18  "Proof of Service" therefore does not reflect service on any Defendant. And because Defendants
19  have not waived service, J.S. must serve them as required by Federal Rule of Civil Procedure 4.[1]

20      The Court thus ORDERS J.S. to, within 30 days of this Order, either file proof of service
21  or show cause why the Court should not dismiss his claims against Defendants without prejudice

---

[1] The Court again notes that the United States District Court for the Western District of Washington's "Pro Se Guide," https://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual4_8_2013wforms.pdf, provides guidance for pro se litigants on various topics, including the service requirement.

ORDER TO SHOW CAUSE - 2

for failure to timely serve them in accordance with Rule 4. Alternatively, J.S. may request an extension of the 90-day period and establish good cause for such an extension. The Court will dismiss the case without prejudice absent a timely response.

Dated this 22nd day of January, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3