1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S., | CASE NO. 2:24-cv-01060-LK |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) |
| v. | |
| KENT SCHOOL DISTRICT et al., | |
| Defendants. | |

This matter comes before the Court on Judge Lauren King's denial (Dkt. No. 37) of Plaintiff's motion for her recusal. (Dkt. No. 31.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge King's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff seeks Judge King's recusal because he did not receive "any responses" from the Court after filing his amended complaint.  (Dkt. No. 31 at 1–2.)  However, as Judge King correctly notes, there is nothing in the Federal Rules of Civil Procedure or the Local Civil Rules that requires the Court to respond to a plaintiff's complaint.  Plaintiff also makes assertions regarding several "semi-related" cases that are difficult to understand and do not appear to support his motion for recusal.  (*Id.* at 2.)  Finally, Plaintiff's assertion that he has not received requested subpoenas appears to be incorrect.  *See* August 21, 2024 Minute Entry; February 5, 2025 Minute Entry.

Plaintiff has presented no arguments or evidence that could reasonably call Judge King's impartiality into question.  Accordingly, the Court AFFIRMS Judge King's denial (Dkt. No. 37) of Plaintiff's motion for recusal (Dkt. No. 31).

1    Dated this 24th day of February, 2025.

2

3

4                                            David G. Estudillo
                                             Chief United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) - 3