UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S.,<br><br>                Plaintiff,<br>   v.<br><br>KENT SCHOOL DISTRICT et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01060-LK<br><br>ORDER GRANTING MOTION TO AMEND AND DENYING OTHER MOTIONS |

       This matter comes before the Court on multiple motions from Plaintiff J.S., including (1) Motion for Update of Status, Dkt. No. 21; (2) Motion for Revised Prayer of Relief, Dkt. No. 22; (3) Motion Requesting a Receipt of All Mailed Documents, Dkt. No. 32; (4) Motion for Sanction Against Defendant for Failure To Admit Proper Service, Dkt. No. 35; and (5) Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, Dkt. No. 40.

       For the reasons set forth below, the Court construes the Motion for Revised Prayer of Relief as a motion to file a second amended complaint and grants that motion. The Court denies the other motions.

## I. BACKGROUND

J.S. was enrolled as a student in Kent School District between 2013 and 2019. Dkt. No. 6 at 12. In July 2024, J.S. filed a complaint against Defendants Kent School District, Kent School District Superintendent Isreal Villa in his official capacity, and Covington Elementary School Principal Ryan Pries in his individual capacity. *Id.* at 2. In his complaint, J.S. appeared to assert violations of 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), the Violence Against Women Act ("VAWA"), and 18 U.S.C. § 4 (misprision of felony), as well as several state law claims, including assault, false imprisonment, conspiracy, outrage, and child abuse. *Id.* at 2, 4, 7, 10–13. The Court dismissed J.S.'s claims under VAWA and 18 U.S.C. § 4 with prejudice and without leave to amend because amendment would be futile, and granted him leave to amend his other claims. Dkt. No. 12 at 9.

On September 19, 2024, J.S. filed a timely amended complaint. Dkt. No. 13. On January 22, 2025, the Court issued an order to show cause why the amended complaint should not be dismissed for failure to serve Defendants within the time prescribed by Federal Rule of Civil Procedure 4(m). Dkt. No. 25 at 1–2. J.S. filed a "Proof of Service" on February 12, 2025 in the midst of filing these various motions. Dkt. No. 36.

## II. DISCUSSION

Because the issues of amending and serving the complaint are intertwined, the Court considers these two issues first.

**A.    Motion for Revised Prayer of Relief**

J.S.'s Motion for Revised Prayer of Relief requests to augment the prayer for relief in his amended complaint to add requests for a declaratory judgment, monetary damages, compensatory damages, and punitive damages. Dkt. No. 22 at 1. The motion does not attach a proposed amended complaint, and the one-page motion is not itself presented as a proposed amended complaint. There

is no mechanism in the Court's rules for amending a complaint by filing piecemeal allegations like this. Instead, Local Civil Rule 15 requires a party seeking to amend a complaint to file a complete proposed amended complaint and "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." LCR 15(a). "[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted).

Because J.S. is proceeding pro se, the Court considers his motion despite the failure to comply with Local Civil 15. It is not clear that his proposed amendments to his prayer for relief would be futile, and leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court grants the motion to amend and grants J.S. leave to file a second amended complaint in the docket within 30 days of the date of this Order. Because J.S. has not requested to amend his complaint beyond updating his prayer for relief, the Court grants him leave to file a second amended complaint that updates only his prayer for relief and not any other aspect of his amended complaint. If his second amended complaint includes new allegations beyond this grant of leave to amend, the Court will strike the second amended complaint.

**B.  Service, Sanctions, and Motion for Summary Judgment**

J.S. has also filed a Motion for Sanction Against Defendant for Failure To Admit Proper Service. Dkt. No. 35. He seeks sanctions against all three Defendants "for failure to admit . . . that they were properly served" in this case. *Id.* at 1. However, J.S. has not served Defendants as required by Federal Rule of Civil Procedure 4. As the Court previously explained, Dkt. No. 18 at 2, service by mail alone is generally not permitted. *See, e.g.*, *Williams v. Recovery Innovations Inc.*, No. 3:24-cv-05496-DGE, 2024 WL 4519959, at *2 (W.D. Wash. Oct. 17, 2024) (citing *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005)). Therefore, the various

1  documents J.S. filed in October 2024 and February 2025 reflecting that he mailed documents do
2  not show that Rule 4 service was accomplished. Dkt. Nos. 16, 36, 39. Nor can a party effect service
3  himself, Fed. R. Civ. P. 4(c)(2), as J.S. attempted here, Dkt. Nos. 16, 36, 39, 42. Because J.S. has
4  not served Defendants with the summons and complaint as required by Federal Rule of Civil
5  Procedure 4, he is not entitled to sanctions against them for failure to admit service, and this motion
6  is therefore denied.

7   The lack of service has a second consequence: this action is subject to dismissal absent
8  proper service as the Court previously explained. Dkt. No. 25 at 1–2; *see also Omni Cap. Int'l,*
9  *Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal
10 jurisdiction over a defendant, the procedural requirement of service of summons must be
11 satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is
12 filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action
13 without prejudice against that defendant or order that service be made within a specified time."
14 Fed. R. Civ. P. 4(m). However, in light of J.S.'s pro se status and potential confusion over service
15 and the issuance of summons, the Court grants him one final extension of time to serve Defendants.
16 J.S. must take one of the following three courses of action: (1) if he does not file a second amended
17 complaint, he must within 30 days of this Order file proof of service of his amended complaint
18 pursuant to Federal Rule of Civil Procedure 4; (2) if he files a second amended complaint, he must
19 within 30 days of that filing file proof of service of his second amended complaint pursuant to
20 Federal Rule of Civil Procedure 4, *see e.g.*, *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d
21 993, 995–96, 999 (9th Cir. 2007) (an amended complaint must be served as required under Rule 4
22 unless "the original complaint is properly served"); or (3) J.S. may request within 30 days of the
23 date of this Order an extension of time to serve defendants pursuant to Federal Rule of Civil
24

ORDER GRANTING MOTION TO AMEND AND DENYING OTHER MOTIONS - 4

Procedure 4, and must establish good cause for such an extension. If J.S. fails to comply with any of these options within the time specified, the Court will dismiss the case.

Moreover, because J.S. has not served any of the Defendants as required by Federal Rule of Civil Procedure 4, his motion for summary judgment, Dkt. No. 40, is premature. *See, e.g.*, *Gibson v. Castellanos*, No. 1:21-cv-00794-GSA-PC, 2022 WL 1173357, at *1 (E.D. Cal. Apr. 20, 2022) (recommending denying motion for summary judgment as premature when the complaint had not been served, none of the Defendants had filed an answer, and no discovery order had been issued), *report and recommendation adopted*, 2022 WL 1651108 (E.D. Cal. May 24, 2022). The Court therefore denies this motion without prejudice. Dkt. No. 40.

C.  **Motion for Update of Status**

In his Motion for Update of Status, J.S. states that he has "not received any notices from the court in regards to this case except a telephonic notice of receipt of complaint" and that he "would like a case status update[] as well as this case to be updated online for the public as the complaint was revised and updated and served to its defendants." Dkt. No. 21 at 1. The docket shows that Court staff has mailed all orders to J.S. at his address on file. *See* Dkt. Nos. 5, 11, 12, 18–20, 25, 37. And notwithstanding J.S.'s request to have the docket updated "for the public," Dkt. No. 21 at 1, the public is able to view the docket and see that J.S. filed an amended complaint. Therefore, the Court denies this motion, but in light of J.S.'s pro se status, the Court directs the Clerk to send him a copy of the docket.

D.  **Motion for Receipt of All Mailed Documents**

In his Motion Requesting a Receipt of All Mailed Documents, J.S. requests "5 new [subpoenas] to start [his] case again." Dkt. No. 32 at 2. After receiving this request, the Court issued the five requested subpoenas to him, *see* February 5, 2025 Minute Order, so this request is now moot.

In addition, J.S. requests a receipt of all documents mailed to him. Dkt. No. 32 at 2. As set forth above, those mailings are reflected in the docket, a copy of which will be mailed to him by the Clerk in accordance with this Order. The Court thus denies this request as moot.

Finally, J.S. requests an "ADA co[o]rdinator to contact [him] via writ[]ing so [he] can address these issues if possible." *Id.* The Americans with Disabilities Act does not apply to federal courts. 42 U.S.C. § 12131(1); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). Regardless, this request appears moot as well because the Court has issued the subpoenas as requested and is sending J.S. a copy of the docket. However, if J.S. would still like to speak to the Court's Accommodations Coordinator for Seattle cases, he may contact Kris Porter at (206) 370-8408. Additional information regarding accommodations may be found on the Court's website here: https://www.wawd.uscourts.gov/visitors/access.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS J.S.'s Motion for Revised Prayer of Relief, Dkt. No. 22. J.S. may file a second amended complaint that updates his prayer for relief—but not any other aspect of his amended complaint—within 30 days of this Order. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that J.S. believes support each claim, and the specific relief requested.

The Court also ORDERS J.S. to serve Defendants as set forth above. The Court will dismiss the case without prejudice, absent timely service.

The Court DENIES J.S.'s Motion for Update of Status, Dkt. No. 21; Motion Requesting a Receipt of All Mailed Documents, Dkt. No. 32; Motion for Sanction Against Defendant for Failure

To Admit Proper Service, Dkt. No. 35; and Motion for Summary Judgment, Dkt. No. 40; and DIRECTS the Clerk to send J.S. a copy of the docket.

Dated this 24th day of February.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING MOTION TO AMEND AND DENYING OTHER MOTIONS - 7