UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.S., <br><br> Plaintiff, <br><br> v. <br><br> KENT SCHOOL DISTRICT et al., <br><br> Defendants. | CASE NO. 2:24-cv-01060-LK <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE |

This matter comes before the Court on its January 22, 2025 order to show cause why the Court should not dismiss this matter without prejudice because Plaintiff J.S. had not served Defendants as required by Federal Rule of Civil Procedure 4. Dkt. No. 25. To date, J.S. has not served Defendants or requested additional time to do so; accordingly, the Court dismisses this case without prejudice.

**I. BACKGROUND**

J.S. filed his complaint in July 2024, Dkt. No. 1, and an amended complaint in September 2024, Dkt. No. 13. Over the many months since then, the Court has repeatedly reminded J.S. of

ORDER OF DISMISSAL WITHOUT PREJUDICE - 1

1 his obligation to serve Defendants as required by Rule 4 and given him multiple chances to do so.

2 Specifically, in October 2024, the Court noted in a written order that it did not appear that J.S. had

3 served Defendants pursuant to Rule 4, explained that service of a complaint by mail is generally

4 not permissible, and reminded J.S. that pro se parties, like all parties, must comply with the Federal

5 Rules of Civil Procedure. *See* Dkt. No. 18 at 2–3 (also noting that materials to assist pro se litigants

6 are available on the Court's website).

7 When, by January 2025, J.S. still had not filed proof that he had served Defendants, the

8 Court issued an order to show cause why the case should not be dismissed without prejudice under

9 Federal Rule of Civil Procedure 4(m). Dkt. No. 25. The Court again reminded J.S. of his obligation

10 to serve his amended complaint under Federal Rule of Civil Procedure 4 and noted that that rule

11 generally does not permit service by mail alone. *Id.* at 2. The Court thus ordered J.S. "to, within

12 30 days of th[at] Order, either file proof of service or show cause why the Court should not dismiss

13 his claims against Defendants without prejudice[.]" *Id.* at 2.

14 Both before and after the order to show cause, J.S. filed several documents that he labeled

15 as proofs of service, Dkt. Nos. 16, 36, 39, 42, and a Motion for Revised Prayer of Relief, Dkt. No.

16 22, that the Court construed as a motion to amend his complaint, Dkt. No. 43 at 2–3. On February

17 24, 2025, the Court granted J.S.'s motion to file an amended complaint but noted that he still had

18 not served Defendants as required by Federal Rule of Civil Procedure 4. *Id.* at 3. The proofs of

19 service he filed did not actually demonstrate service because service of a complaint by mail alone

20 is generally not permitted and parties cannot effect service themselves as J.S. had attempted to do.

21 *Id.* at 3–4. In light of J.S.'s pro se status, the Court granted him one final opportunity to serve

22 Defendants as required by Rule 4. *Id.* at 4. The Court explained that J.S.

23 must take one of the following three courses of action: (1) if he does not file a
second amended complaint, he must within 30 days of this Order file proof of
24 service of his amended complaint pursuant to Federal Rule of Civil Procedure 4;

ORDER OF DISMISSAL WITHOUT PREJUDICE - 2

1  (2) if he files a second amended complaint, he must within 30 days of that filing file proof of service of his second amended complaint pursuant to Federal Rule of Civil Procedure 4, s*ee e.g., Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 995–96, 999 (9th Cir. 2007) (an amended complaint must be served as required under Rule 4 unless "the original complaint is properly served"); or (3) J.S. may request within 30 days of the date of this Order an extension of time to serve defendants pursuant to Federal Rule of Civil Procedure 4, and must establish good cause for such an extension.

*Id.* at 4–5. The Court noted that if J.S. failed to effect service as ordered, it would dismiss the case without prejudice. *Id.* at 6. Since then, J.S. has filed various motions and exhibits, Dkt. Nos. 44–49, but no proof that he has served any Defendant under Rule 4 or a motion for extension of time to do so.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, more than 90 days have elapsed since J.S. filed both his complaint and amended complaint, he has never served any Defendant as required by Rule 4, and he has not requested additional time to do so or shown good cause or excusable neglect to support an extension. He continues to insist that he has served Defendants by mail, Dkt. No. 47 at 2; Dkt. No. 49 at 1, despite the Court's repeated instructions that a party cannot serve the complaint himself or do so by mail, Dkt. No. 25 at 2; Dkt. No. 43 at 3–4. The Court previously warned J.S. that if he did not show

ORDER OF DISMISSAL WITHOUT PREJUDICE - 3

good cause for his failure to comply with Federal Rule of Civil Procedure 4(m) and serve the amended complaint (or seek an extension to do so), the Court would dismiss this case without prejudice. Dkt. No. 25 at 2–3; Dkt. No. 43 at 4–6. It does so now.

### III.  CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. All pending motions are denied as moot. The Clerk of Court is directed to mail J.S. a copy of this Order at his last known address and close this case.

Dated this 2nd day of April, 2025.

Lauren King
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE - 4